IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NATIONWIDE INSURANCE COMPANY                                           PLAINTIFF

VS.                                                  CIVIL ACTION NO. 2:05cv94-KS-JMR

JAMES D. JOHNSON and                                                   DEFENDANTS
ELIZABETH A. JOHNSON

**ORDER**

THIS MATTER is before the court on Defendant Elizabeth Johnson's Motion to Exclude Expert Opinion Testimony of Norman Presson, Nationwide's expert. Having reviewed the motion and the documents and authorities submitted by the parties in support of and in opposition to the motion as well as having performed analysis of the reliability of Presson's opinions as required by *Daubert v. Merrell Dow Pharm., Inc.*[1], and being thus fully advised in the premises, the court, FINDS that the motion should be DENIED. The court finds more specifically as follows:

James and Elizabeth Johnson[2] owned and occupied a home that was destroyed by fire on May 7, 2004. Nationwide insured the property. Nationwide filed this declaratory judgment action on April 11, 2005 alleging that the fire was intentionally set and that the Johnsons failed to comply with the policy requirements and asking the court to declare that Nationwide has no liability to them for the fire loss. The Johnsons have asserted a number of counterclaims against Nationwide, including for breach of contract and bad faith denial of the claim.

Nationwide has designated Norman Presson as an expert on the cause and origin of the fire.

---

[1] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[2] Mr. and Mrs. Johnson are now divorced, and Mr. Johnson is represented by separate counsel. Counsel for Mrs. Johnson has clarified that the instant motion was not intended to be filed on behalf of Mr. Johnson and that his inclusion was a clerical error.

He is expected to testify that all means of ignition other than intentional setting of the fire were ruled out and that there was likely use of an accelerant in the fire. In his report Presson notes that he was unable to identify a specific point of origin[3] and that the only cause of ignition that could not be eliminated was the willful setting of the fire by person/persons unknown.[4] Presson opines that "this fire was incendiary"[5] and concludes that "[t]he time frame and lack of electrical ignition sources will not support a conclusion in this fire other than that this was an intentionally set, accelerated fire."[6] Johnson's motion to exclude Presson's expert opinion testimony is based on her contention that Presson's use of the process of elimination to arrive at his opinion is inappropriate under the circumstances of this case and does not meet *Daubert* requirements.

Federal Rule of Evidence 702 allows opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training or education...if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." The Supreme Court's decision of *Daubert v. Merrell Dow Pharmaceuticals* requires the court to "ensure expert witnesses have employed reliable principles and methods in reaching their conclusions."[7] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). *Daubert* also imposes upon this court the obligation to "perform a screening function to ensure that the expert's opinion is reliable and relevant

---

[3] Exhibit A to Johnson's motion [#53] at page 8.

[4] *Id.* at 9.

[5] *Id.* at 1.

[6] *Id.* at 10.

[7] The *Daubert* test "does *not* judge the expert conclusions themselves." *Guy*, 394 F.3d at 325. The *Daubert* Court pointed to "vigorous cross-examination" and "presentation of contrary evidence" as "appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

to the facts at issue in the case." *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988-89 (5th Cir. 1997). However, the *Daubert* reliability analysis is flexible. *Guy,* 394 F.3d at 325. Although the *Daubert* Court listed four factors relative to the inquiry, they are non-exclusive: "Whether *Daubert*'s suggested indicia of reliability apply to any given testimony depends on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony." *United States v. Norris,* 217 F.3d 262, 269 (5th Cir. 2000).

In this case, Defendant Johnson bases her *Daubert* challenge to the process of elimination employed by Presson upon standards set out in the National Fire Protection Association (NFPA) 921 Guide for Fire and Explosion Investigation.[8] She points specifically to sections 18.2.1 and 18.2.5.[9] Relative to NFPA guidelines for the process of elimination for determination of fire cause, section 18.2.1 refers to use of this process "when the origin of a fire is clearly defined." Section 18.2.5 refers to its use to eliminate accidental causes "where the area of origin is clearly defined." Although she acknowledges Presson's references to the area of the fire's origin, Johnson focuses on Presson's inability to identify a specific point of origin as the linchpin of her challenge.[10] It does not appear to this court that this inability renders Presson's methodology in determining the fire's origin and cause unreliable and therefore inadmissible under *Daubert* standards.

In his report Presson identified the area of origin as the den, kitchen, and east entry

---

[8]In his deposition, Presson testified that he employed scientific method according to NFPA 921 to arrive at the cause and origin of the fire. *See* Exhibit 4 to Nationwide's response [#85] at 11, lines 18-24. He also testified that NFPA 921 is widely accepted by fire investigators as a guide to investigating a fire. *Id.* at 13, lines 6-9.

[9]*See* Exhibit 8 to Nationwide's response [#85].

[10]Johnson's motion [#53] at ¶¶ 5,6, 9. The NFPA defines "point of origin" as "the exact physical location where a heat source and a fuel come in contact with each other and a fire begins." NFPA § 3.3.115. It defines "area of origin" as "the room or area where a fire began. NFPA § 3.3.9. *See* Exhibit 5 to Nationwide's response [#85].

3

hallway.[11]  According to the NFPA, "the purpose of determining the origin of the fire is to identify the geographical location where the fire began.  When the area of origin has been determined,...then the specific location of the origin can be identified."  NFPA § 17.1.4.[12]  The NFPA cautions against determining "a single point of origin...unless the evidence is conclusive" but indicates that "where a single point cannot be identified, it can still be valuable for many purposes to identify possible sources of origin."  NFPA § 17.1.2.[13]  This is certainly consistent with the basis for justifying a determination under section 18.2.5 that a fire was incendiary:

> [T]he 'elimination of all causes other than the application of an open flame' is a finding that may be justified in limited circumstances, where the area of origin is clearly defined and all other potential heat sources at the origin can be examined and credibly eliminated.  It is recognized that in cases where a fire is ignited by the application of an open flame, there may be no evidence of the ignition source remaining.

Even Johnson's origin and cause expert, Glen Strecker, acknowledges that inability to determine the specific point of origin does not equate with inability to determine the area of origin,[14] and as section 18.2.5 clearly states, it is the area of origin that must be clearly defined for purposes of the process of elimination.

As to 18.2.5's second requirement–that all other potential heat sources at the origin be examined and eliminated–Presson references the report of Dr. Ray Franco,[15] an electrical engineer

---

[11]Exhibit A to Johnson's motion [#53] at page 1.  This identification was reiterated in his deposition.  Exhibit 4 to Nationwide's response [#85] at 18, 21-22, 49.

[12]*See* Exhibit 6 to Nationwide's response [#85].

[13]*See* Exhibit 6 to Nationwide's response [#85].

[14]*See* excerpts from Strecker's deposition attached as Exhibit 7 to Nationwide's response [#85].

[15]Exhibit A to Johnson's motion [#53] at page 9.  Franco's report is Exhibit B to the motion.

who conducted an electrical examination of the house. In his report, Dr. Franco stated: "Electrical arcing severed the power cable to the electric Jenn-Air Cook-Top. This was the only electrical activity found in the home. This indicates that the fire was on the floor of kitchen early, and this occurred before the fire breached the kitchen windows and attacked the electrical service cable." He found "no evidence or indication that this fire originated due to an electrical problem or the failure of any electrical appliance."[16] Making specific reference to gas piping below the house, Defendant Johnson contends that even if all electrical causes have been excluded, Presson has not excluded all non-electrical causes.[17] However, in his deposition, Presson testified that he ruled out natural gas by looking at the gas line underneath the house that was within the area of origin.[18]

IT IS, THEREFORE, ORDERED AND ADJUDGED that for the reasons stated above, Defendant Elizabeth Johnson's Motion to Exclude Expert Opinion Testimony **[#53]** should be, and is hereby, **DENIED.**

SO ORDERED on this, the 12th day of June, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[16] Exhibit B to Johnson's motion [#53] at pages 7, 8.

[17] Johnson's motion [#53] at ¶¶ 6-7.

[18] *See* Exhibit 4 to Nationwide's response [#85] at 38, line 16; 40 at lines 8-11; 42 at lines 12-19.

5