IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NATIONWIDE INSURANCE COMPANY                                        PLAINTIFF

VS.                                                 CIVIL ACTION NO. 2:05cv94-KS-JMR

JAMES D. JOHNSON and                                                DEFENDANTS
ELIZABETH A. JOHNSON

## **ORDER**

THIS MATTER is before the court on Defendant Elizabeth A. Johnson's Motion to Compel. The court, having reviewed the motion, Nationwide's response and applicable law and being fully advised in the premises finds as follows:

Johnson seeks to compel production of information sought by certain interrogatories and requests for production which she claims goes to the bias and/or prejudice of Richard T. Lawrence, one of Nationwide's experts in this case and its attorney in others. Nationwide has objected to these discovery requests on attorney-client privilege and/or work product doctrine grounds as well as lack of relevance and as exceeding the scope of permitted discovery.

Johnson requests identification of the court, cause number and parties for any case in the past ten years in which Lawrence "rendered opinions as an expert witness" on Nationwide's behalf. Although this request appears to be within the contemplation of Federal Rule of Civil Procedure 26(a)(2)(B), the allowances under that rule are somewhat more narrowly drawn than Johnson's request. The disclosures required by the rule include "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Johnson is entitled to the requested information relative to cases in which Lawrence has testified within the last four years.

Johnson also requests identification of the court, cause number and parties for each case in which Lawrence entered an appearance or otherwise represented Nationwide in the past ten years. The Fifth Circuit recognizes that "[a] corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services." *Nguyen v. Excel Corp.,* 197 F.3d 200, 206 (5th Cir. 1999). However, "[i]nquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege." *Id.* Neither the attorney-client privilege nor the work product doctrine "protect[s] disclosure of facts to opposing counsel." *Dunn v. State Farm Fire & Casualty Co.,* 122 F.R.D. 507, 510 (N.D. Miss. 1988). Accordingly, because it is relevant to the bias and/or prejudice of Lawrence as an expert witness, Johnson is entitled to this information, but only for the last four years.

Johnson's requests for "records reflecting payment" from Nationwide to Lawrence both for legal services and for expert witness services are somewhat more problematical. Federal Rule of Evidence 501 specifies that in cases such as this one in which state law supplies the rule of decision, state law is also determinative of whether the attorney-client privilege applies. *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir. 1991). Federal Rule of Civil Procedure 26(b)(3) is determinative of whether the work product doctrine applies. *Id.*

Nationwide contends that under Mississippi law, attorney-client privilege protects the records sought by Johnson and cites *Hewes v. Langston,* 853 So. 2d 1237, 1248-49 (Miss. 2003) as authority for this contention. However, the *Hewes* court held that the itemized billing statements sought through discovery were protected by the work product doctrine, not attorney-client privilege. *Id.* at 1249. Even then, the court distinguished the billing statements as "the type of detailed statements

2

that are protected by the work product doctrine" from documents which "merely indicate the client's name, the amount of payment and the general nature of the work performed" that are not protected. *Id.* at 1248-49. Johnson wants to know how much Nationwide has paid Lawrence. Facts relative to this inquiry are not "in and of themselves...privileged." *Levingston v. Allis-Chalmers Corp.,* 109 F.R.D. 546, 551 (S.D. Miss. 1985) (holding that "[i]nformation relating to billing, fee arrangements and payment of attorney's fees does not fall within the attorney-client privilege" and ordering production of documents "insofar as they relate to fees charged and collected by the...attorneys"). Accordingly, Johnson is entitled to information relating to the amount of the payments made to Lawrence by Nationwide for Lawrence's legal and/or expert witness services for the last four years.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Elizabeth A. Johnson's Motion to Compel **[#90]** should be, and is hereby, **GRANTED** in part and **DENIED** in part and that Nationwide shall provide the information as herein limited to Mrs. Johnson within ten days of the date of this Order.

SO ORDERED on this, the 27th day of June, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE